UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

FILED
SEP 0 4 2025
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

PLAINTIFF

ZACKERY J ASKINS

CASE NUMBER:
CIV-25-1002-D

DEFENDANT

MATTHEW PIRANIAN

## COMPLAINT IN REPLEVIN

COMES NOW. Zackery J Askins: hence forth known as the Plaintiff, PRO SE, moving this Court to grant judgement against Matthew Piranian, hence forth known as the Defendant.

As A PRO SE motion this is entitled to the liberal construction of Olsen v DiMase, 24 F4th 1197 at 5 (8th, 2021).

1. Plaintiff is Zackery J Askins, an adult, who was and continues to be a member of the United States Army, and is currently station and resides at Ft Leavenworth, Ks. Plaintiff is a resident of the state of Alaska. At the time of the events outlined in the complaint Plaintiff was stationed at Ft Sill, Oklahoma, and resided at 421 E Lake Rd, Lawton, Oklahoma.
2. Plaintiff worked for Defendant at their mutual duty station, 761st OD CO EOD, 1490 Randolph Rd, Ft Sill, Oklahoma. Defendant was Plaintiff's commanding officer and superior.
3. Defendant's last know residence was in or around the city of Lawton, Oklahoma, and his last known employment was at Ft Sill, Oklahoma.
4. Between February of 2022 and October of 2022, Defendant did on divers' occasions unlawfully enter, burglar, vandalize, damage, and remove property illegally from Plaintiff's home.
5. Defendant did so while he ordered the Plaintiff to leave the home, and then had the Defendant incarcerated, knowing that the Plaintiff would not be home and could not stop the action of the Defendant.
6. Defendant did remove significant property from the home, and further was observed vandalizing the Plaintiff's property to include using tools to make forceful entry into the Defendant's locked vehicles.
7. Defendant did use his military authority to order the Plaintiff not to contact civilian law enforcement.
8. Defendant did use his military authority to prevent the Plaintiff from contacting his civilian counsel.

9. Defendant did use his military authority to prevent Plaintiff from contacting his Military Civil Assistance Counsel after said counsel did attempt to raise the issue of Defendant's criminal behavior to Defendant's superior officer.
10. Defendant did on divers' occasions attempt to order Plaintiff to sign a letter authorizing Defendant to freely enter Plaintiff's home at will, and remove property at the Defendant's discursion.
11. Defendant did on divers' occasion forge or falsify Plaintiff's signature on documents when the Plaintiff refused to sign.
12. Defendant did claim falsely to the Plaintiff's landlord that he was a military law enforcement officer, and had a legal military warrant to enter the Plaintiff's home.
13. Defendant did knowingly, intentionally, and with malice aforethought withhold the Plaintiff's medication, to include: blood pressure medications, diabetes medication, epi-pen, medical device (Alpha Stim), and others, for in excess of 521 days.

Count I

14. Paragraphs 1-13 above are incorporated as though set forth at length
15. Defendant is liable to the Plaintiff in the amount of one million four hundred sixty-nine thousand and six hundred and fifty ($1,469,650) dollars.

WHEREFORE, Plaintiff demands judgement in their favor and against Defendant in the amount of one million four hundred sixty-nine thousand and six hundred and fifty ($1,469,650) dollars; OR the return of all property that resided at 421 E Lake Rd, Lawton, Ok to the Plaintiff.

Count II

16. Paragraphs 1-13 above are incorporated as though set forth at length.
17. Defendant's refusal to return the Plaintiff's property has at all times been willful, malicious, and utterly without foundation in law
18. Defendant is liable to Plaintiff for punitive damages.

WHEREFORE, Plaintiff demands judgement in their favor and against Defendant in the amount of five hundred thousand ($500,000) dollars.

Count III

19. Paragraphs 1-13 above are incorporated as though set forth at length.
20. Defendant did real and lasting harm to Plaintiff by the withholding of Plaintiff's medications causing worsening of medical conditions, and did so at all times been willful, malicious, and utterly without foundation in law
21. Defendant is liable to Plaintiff for punitive damages.

WHEREFORE, Plaintiff demands judgement in their favor and against Defendant in the amount of five hundred thousand ($500,000) dollars.

Count IV

22. Paragraphs 1-21 above are incorporated as though set forth at length.
23. Defendant is now liable to Plaintiff for consequential damages due to the deprivations of the items listed in paragraphs 1-13, made unavailable by the Plaintiff's actions.

WHEFEFORE, Plaintiff demands judgement in their favor and against Defendant for consequential damages from August 22, 2025 until time of judgement.

Conclusion

WHEREFORE, Plaintiff does pray that this court finds in the Defendant liable and grants judgement in the Plaintiff's favor and all applicable Court costs including any damages should be assessed against them.

Defendant furthermore prays for all further relief to which he may be entitled to in this proceeding in the interest of Justice.

Signed this day

August 22, 2025

Respectfully

*[signature]*

Zackery J Askins