# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ZACKERY J. ASKINS,                    )
                                      )
    Plaintiff,                    )
                                      )
v.                                    )    Case No. CIV-25-1002-D
                                      )
MATTHEW PIRANIAN,                     )
                                      )
    Defendant.                    )

## <u>ORDER</u>

Plaintiff, Zackery J. Askins, a pro se military prisoner, brought this action against Defendant, Matthew Piranian.[1] Currently, Plaintiff appears to be incarcerated at the Midwest Joint Regional Correctional Facility in Fort Leavenworth, Kansas. *See* Doc. No. 1-1.

The Court screens Plaintiff's "Complaint in Replevin" [Doc. No. 1], pursuant to 28 U.S.C. § 1915A. In relevant part, the statute provides:

> (a)    Screening
> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b)    Grounds for Dismissal
> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

---

[1] To date, Plaintiff has lodged five other lawsuits in this Court. *See* Case No. CIV-25-753-PRW (Askins v. Graves); Case No. CIV-25-759-JD (Askins v. Hartson, et al.) (dismissed); Case No. CIV-25-1049-SLP (Askins v. GEICO); Case No. CIV-25-1159-JD (Askins v. United States); and Case No. CIV-25-1302-PRW (Askins v. Heck).

(1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a), (b).

In his "Complaint in Replevin" [Doc. No. 1], Plaintiff alleges that Defendant was his commanding officer when he was stationed at Fort Sill in Lawton, Oklahoma. Plaintiff alleges that—while Defendant was Plaintiff's commanding officer—Defendant unlawfully entered, burglarized, vandalized, damaged, and removed property from Plaintiff's home. [Doc. No. 1, at 1]. Plaintiff further alleges that Defendant "then had the [Plaintiff] incarcerated, knowing that the Plaintiff would not be home and could not stop the action of the Defendant." *Id.* Defendant allegedly "used his military authority to order the Plaintiff not to contact civilian law enforcement" or civilian counsel. *Id.* Plaintiff claims that Defendant forged Plaintiff's signature and "claim[ed] falsely to the Plaintiff's landlord that he was a military law enforcement officer, and had a legal military warrant to enter the Plaintiff's home." *Id.* at 2. Plaintiff also alleges that Defendant withheld Plaintiff's medications. *Id.*

Based on these allegations, Plaintiff claims that Defendant is liable to him in the amount of $1,469,650.00. Alternatively, Plaintiff seeks the return of all property from Plaintiff's home located at 421 E. Lake Road in Lawton, Oklahoma. *Id.* Plaintiff also seeks $500,000.00 in punitive damages, and an additional $500,000.00 for Plaintiff's claim that Defendant withheld Plaintiff's medications. *Id.*

Even if the Court construed Plaintiff's Complaint as asserting a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. (FTCA), the United States is the only proper defendant in a FTCA action. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001). Accordingly, Plaintiff's action against Defendant Matthew Piranian will be dismissed. *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("[T]he district court correctly dismissed Smith's FTCA claims against every defendant except the United States on the ground that those defendants were not proper parties.").[2] For these reasons, the Court finds that Plaintiff's Complaint has failed to state a claim, and further, that amendment would be futile. Therefore, the Court *sua sponte* dismisses this action pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice**, but without leave to amend. A separate judgment shall be entered.

**IT IS SO ORDERED** this 29th day of January, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] The Court further notes that Plaintiff has since filed a FTCA action, naming the United States as the sole defendant, which appears to encompass the conduct alleged in this action and Plaintiff's various other actions pending in this district. *See Askins v. United States*, Case No. CIV-25-1159-JD. Accordingly, were the Court to permit Plaintiff to amend his complaint to substitute the United States as the proper defendant, the amended complaint would be cumulative of Plaintiff's pending FTCA action against the United States.